IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN SEATON, II

  Plaintiff,          CASE NO.

vs.

CACH, LLC and
FEDERATED LAW GROUP, PLLC,

  Defendants.
_____/

## VERIFIED COMPLAINT

Plaintiff, Stephen Seaton, II ("Plaintiff"), sues the Defendants, CACH, LLC ("CACH") and Federated Law Group, PLLC ("FLG") (collectively "Defendants"), and alleges the following.

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and Florida's Consumer Collection Practices Act, Fla. Stat. §§ 559.55 *et seq.* ("FCCPA"). This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1962 *et seq.* This Court has supplemental jurisdiction over the Plaintiff's FCCPA claims under 28 U.S.C. § 1367.

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this District (where Plaintiff resides in this District, and/or where Defendants transact business in this District). At all times material, Plaintiff was a resident of Hillsborough County, Florida. At all times material, the conduct of Defendants complained of below occurred in Hillsborough County, Florida.

## PARTIES

3. Plaintiff is an individual and a "consumer" as that term is defined by Fla. Stat. § 559.55(2) and by 15 U.S.C. § 1692a(3).

4. Defendant, CACH, is a company in the business of purchasing and/or collecting outstanding debts. CACH is a Colorado company, which does business in Hillsborough County, Florida, and has a registered agent located in Florida.

5. Defendant, CACH, is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant, FLG, is a Florida law firm specializing in debt collection for CACH, among other entities, and acts as an agent for CACH. Defendant does business throughout Florida, including in Hillsborough County.

7. Defendant, FLG, is a "person" subject to regulation under Fla. Stat. § 559.72 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. In or around 2006, Plaintiff purchased a television from a company called Sound Advice – a home electronics store located in Tampa, Florida.

9. Upon information and belief, the television was financed through GE Money Bank. Accordingly, GE Money Bank was the original creditor associated with the subject debt for the television.

10. The subject television was used solely for Plaintiff's personal, family and household purposes. Thus, the subject debt for the television constituted a "consumer debt" under the FCCPA and FDCPA.

11. Plaintiff paid off the subject debt in full before 2011.

12. Despite the fact that Plaintiff had fully satisfied the subject debt, in or around 2011, CACH began contacting Plaintiff alleging that Plaintiff had previously defaulted and still owed over $1,940.17 on the subject debt.

13. During the course of CACH's collection efforts, CACH made multiple misrepresentations to Plaintiff. For example, on August 7, 2012, CACH sent Plaintiff a letter stating that the subject debt was placed for collection with CACH on 6/1/2012. Then on February 7, 2013, CACH sent Plaintiff another letter stating that the subject debt was placed for collection with CACH on 9/26/2011. Copies of the referenced letters are attached as **Exhibit A** and **Exhibit B**, respectively.

14. Further, during the course of CACH's collection efforts, CACH contacted multiple third parties and discussed Plaintiff's alleged debt with them. For example, CACH contacted Scott Moore, a friend and former co-worker of Plaintiff, and told Mr. Moore that they needed to speak with Plaintiff about "a debt he needs to pay." A letter detailing this conversation, written by Mr. Moore on May 1, 2013, is attached as **Exhibit C**. These third party contacts affected Plaintiff's reputation and, at the time CACH contacted Mr. Moore and other third parties regarding the subject debt, CACH knew that the third parties did not have a legitimate business need for such information.

15. On or around June 2012, Defendant, FLG, began attempting to collect the subject debt for CACH.

16. At all times, FLG was acting as an attorney and an agent for CACH.

17. All of FLG's collection efforts were performed on CACH's behalf at the direction and/or with the authorization of CACH.[1]

18. Both FLG and CACH made false and/or misleading representations regarding the amount of debt that Plaintiff allegedly owes. For example, CACH reported on Plaintiff's Equifax Credit Report that the "Balance Owed" to CACH as of 2/2013 is $1,758. A copy of the subject listing in Plaintiff's Experian Credit Report is attached as **Exhibit D**. However, as noted in Exhibit B, in February 2013 CACH stated to Plaintiff that Plaintiff's balance was $1,940.17. FLG also sent letters to Plaintiff stating that Plaintiff's balance was $1,940.17 even before February 2013. *See, e.g.,* **Exhibit E**.

19. Additionally, FLG, on CACH's behalf, made other misrepresentations to Plaintiff during their attempts to collect the subject debt. For example, Plaintiff sent a letter to Brian Manno, the managing partner at FLG, in which Plaintiff disputed the subject debt and provided reasons as to why the subject debt was invalid. In response, on September 24, 2012, Mr. Manno wrote an e-mail to Plaintiff stating: "Mr. Seaton: Thank you for your letter. **We have closed your file in our office**. Thank you." In response, Plaintiff asked "What does that mean exactly." FLG replied: "Stephen: **That means my firm will not be pursuing the collection of your debt, including the filing of a lawsuit**. Thank you. . . .." Plaintiff asked: "So what becomes of this matter now concerning me." FLG replied: "Stephen: That is out of my hands –

---

[1] FLG advertises on its website: "We collect and litigate debts on behalf of companies like CACH, LLC." *See* www.federatedlaw.com (accessed on May 8, 2013). FLG also advertises on its website: "Accounts once owned or serviced by banks like Bank of America/FIA Card Services, MBNA, Wells Fargo, HSBC/Household, GE Capital or Care One Credit will often times sell their accounts to company like CACH, LLC who now takes over as the new creditor. The money is still owed and CACH, LLC utilizes firms like Federated Law Group to pursue the account through the court system and other ways." *See* www.federatedlaw.com/our-goal/ (accessed on May 8, 2013).

**it is no longer with my firm. . . .**" (emphasis added).[2] A printout of the referenced e-mail string is attached as **Exhibit F**.

20. In reality, FLG did not intend to drop this matter, stop collecting the subject debt, or refrain from suing Plaintiff. In fact, all of FLG's representations were false.

21. Just three days after FLG made the above representations, CACH, through FLG and Bryan Manno, filed a lawsuit against Plaintiff to collect the subject debt. A copy of the referenced Statement of Claim is attached as **Exhibit G**.

22. FLG's lies and misrepresentations referenced above constitute a false and deceptive means by which Defendants attempted to collect the subject debt.

23. This lawsuit was without merit and was filed in bad faith for the purposes of harassing Plaintiff. This is evidenced by the fact that three days after Plaintiff filed an Answer, Defendants voluntarily dismissed the case. A copy of Plaintiff's *pro se* Answer is attached as **Exhibit H**. A copy of Defendants' Voluntary Dismissal is attached as **Exhibit I**.[3]

24. Even though the subject debt was already satisfied and Defendants dropped their meritless lawsuit, CACH continues to report the subject debt on all of Plaintiff's Credit Reports, despite numerous requests by Plaintiff to delete the listing. CACH's refusal to delete its improper and baseless credit listings has caused Plaintiff significant actual damages. For example, Plaintiff is in the process of attempting to purchase a home and CACH's listings have caused Plaintiff's credit scores to go down, decreasing Plaintiffs' ability to obtain financing.

---

[2] In each of FLG's e-mails, FLG wrote "This is an attempt to collect a debt and any information obtained will be used solely for that purpose."
[3] Notably, Defendants did not assert a claim for breach of contract because there was no actual evidence that Plaintiff breached any finance agreement and/or failed to pay GE Money Bank for the subject debt.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. 1692 § *et seq*.**

*(AGAINST CACH)*

25. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though stated fully herein.

26. The foregoing acts and omissions of CACH constitute numerous and multiple violations of the FDCPA, including 15 U.S.C. §§ 1692b(2), 1692c(b), 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

27. As a result of CACH's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against CACH for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT II

**VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
FLORIDA STATUTES § 559.55 *et seq*.**

*(AGAINST CACH)*

28. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully stated herein.

29. The foregoing acts and omissions of CACH constitute numerous and multiple violations of the FCCPA including, but not limited to:

    a. Fla. Stat. 559.72(5): Disclose to a person other than the debtor or her or her family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

b. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

c. Fla. Stat. 559.72(9): Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

30. As a result of CACH's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 for each violation of the FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against CACH for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. 1692 § *et seq.*

*(AGAINST FLG)*

31. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though stated fully herein.

32. The foregoing acts and omissions of FLG constitute numerous and multiple violations of the FDCPA, including 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

33. As a result of FLG's violations of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE Plaintiff demands judgment against FLG for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## COUNT IV

## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT FLORIDA STATUTES § 559.55 *et seq.*

*(AGAINST FLG)*

34. Plaintiff incorporates by reference paragraphs 1 through 24 of this Complaint as though fully stated herein.

35. The foregoing acts and omissions of FLG constitute numerous and multiple violations of the FCCPA including, but not limited to:

> a. Fla. Stat. 559.72(7): Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.
>
> b. Fla. Stat. 559.72(9): Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.

36. As a result of FLG's violations of the FCCPA, pursuant to Fla. Stat. § 559.77 Plaintiff is entitled to actual damages, statutory damages in an amount up to $1,000.00 for each violation of the FCCPA, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment against FLG for damages, attorneys' fees, costs, and such further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**Dated:** May 13, 2013

**DISPARTI FOWKES & HASANBASIC, P.A.**

_____s/ Ryan C. Hasanbasic_____
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119
rhasanbasic@dfhlawfirm.com
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
pfowkes@dfhlawfirm.com
505 East Jackson Street, Suite 310
Tampa, Florida 33602
(813) 221-0500
(813) 228-7077 (Facsimile)
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF, STEPHEN SEATON, II

STATE OF FLORIDA )
) ss
COUNTY OF HILLSBOROUGH )

_Stephen Seaton II_, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint, if any, is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Subscribed and sworn to before me this _13_ day of _May_, 2013.

_Mary M Henderson_
Notary Public

MARY M. HENDERSON
Notary Public - State of Florida
My Comm. Expires Oct 15, 2013
Commission # DD 905071
Bonded Through National Notary Assn.